IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYLVESTER COWAN,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 1:CV-08-00441** |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN D. EBBERT,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Sylvester Cowan ("Cowan"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. (Doc. 1.) Cowan is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons set forth below, the petition will be denied.

**I.    Background**

On March 16, 1999, Cowan was arrested and imprisoned by Ohio state authorities for robbery and vehicle theft. (Doc. 6-2 at 4.) On July 28, 1999, Cowan was sentenced in the Franklin County Court of Common Pleas in

Columbus, Ohio, to a term of imprisonment of five (5) years for the robbery count. (*Id*.)

While Cowan was serving his state sentence, on August 26, 2002, the United States Marshal Service ("USMS") issued a warrant for Cowan's arrest on federal charges for armed and unarmed bank robbery, *see* 18 U.S.C. § 2113. (Doc. 2 at 13.) On September 13, 2002, Cowan was produced from Ohio state custody pursuant to a federal writ of habeas corpus *ad prosequendum* for an initial appearance and arraignment in the United States District Court for the Southern District of Ohio. (*Id*. at 14.) After these proceedings, he was returned to the custody of the State of Ohio.

On December 5, 2002, Cowan again was produced from Ohio state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, for a pretrial hearing before the Southern District of Ohio. (*Id*. at 15.) He was returned to the custody of the State of Ohio following this proceeding, but returned to the Southern District of Ohio again on May 2, 2003, pursuant to a federal writ of habeas corpus *ad prosequendum*, for the pretrial conference. (*Id*. at 17.) Pursuant to that writ, he was also scheduled to remain in federal custody pending completion of his trial set to begin on May 5, 2003. (*Id*.)

On the date of his federal trial, Cowan pleaded guilty to five (5) counts of armed and unarmed bank robbery. (Doc. 6-2 at 18.) Thereafter, Cowan was returned to the custody of the State of Ohio. However, on December 10, 2003, Cowan was again produced from Ohio state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, for sentencing. (Doc. 2 at 18.) On that date, Cowan was sentenced by the Southern District of Ohio to a term of imprisonment of 210 months for the armed and unarmed bank robbery counts. (Doc. 6-2 at 18.) The court ordered this sentence to run concurrent to his 5-year state sentence. (*Id.* at 19.)

Following sentencing, Cowan was returned to the custody of the State of Ohio to continue serving his state sentence. However, during the periods of time that Cowan was produced from state custody pursuant to the federal writs of habeas corpus *ad prosequendum*, Ohio authorities still maintained primary custody over Cowan, with federal officials assuming secondary custody.

Cowan was paroled from his state sentence on March 13, 2004, at which time federal authorities assumed primary custody. (*Id.* at 30.) After assuming federal custody of Cowan, the BOP calculated his 210-month federal sentence as beginning on December 10, 2003, the date he was sentenced in the Southern District of Ohio. (*Id.*) According to the federal sentence monitoring computation

3

data, Cowan was awarded a total of 135 days of prior custody credit, also known as *Willis* credits, named after *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). (*Id*.)  Specifically, he was credited for the day of his arrest on November 15, 1997, and for the period of March 16, 1999 (the date of his arrest by Ohio authorities), through July 27, 1999 (the day before the state court imposed his 5-year state sentence).  (*Id*.)  Cowan does not contest this sentence credit.  Furthermore, the BOP set Cowan's projected release date from his federal sentence at October 25, 2018, via good conduct time release.  (*Id*.)

Cowan filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 10, 2008, (Doc. 1) alleging that he should be awarded credit for a sixteen (16) month period during which he was in the primary custody of the State of Ohio, but had been taken into secondary federal custody pursuant to the multiple federal writs of habeas corpus *ad prosequendum* to answer to federal charges of bank robbery.  On March 12, 2008, an order to show cause was issued, directing the respondent to respond to Cowan's petition.  (Doc. 5.)  Responsive and reply briefing have been filed, and the matter is now ripe for disposition.

## II.  Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see United States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Cowan has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence cannot commence prior to the date it is imposed. *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). Further, a concurrent sentence commences on the date of its imposition, not on the date of the commencement of the prior sentence or some earlier date. *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served.").

A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. Further, the jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the

state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant case, Cowan seeks prior custody credit toward his federal sentence for his time spent in federal secondary custody pursuant to several writs

of habeas corpus *ad prosequendum*.[1] Specifically, Cowan seeks a total of approximately sixteen (16) months, from August 26, 2002 (the date the USMS issued a warrant for his arrest on federal charges of bank robbery) through December 10, 2003 (the date of the imposition of his federal sentence). However, Cowan was in the primary custody of the State of Ohio during this entire period of time at issue. Federal authorities assumed only secondary custody of Cowan when he was produced in federal court pursuant to a writ of habeas corpus *ad prosequendum*. *See Ruggiano*, 307 F.3d at 126. Because Ohio authorities maintained primary custody of Cowan, that period of time was credited against his Ohio state sentence. As a result, under 18 U.S.C. § 3585(b), Cowan is not entitled to receive credit toward his federal sentence for the same time period because that time has already been credited against his state sentence.

In his reply to the response, Cowan further argues that he is entitled to credit for the 16 months because the federal court gave him an "adjusted credit" for that time period pursuant to section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G") when it ordered the federal sentence to run concurrent to the state

---

[1] In his petition, Cowan asserts that two other writs of habeas corpus *ad prosequendum* were issued with respect to him in April 2003 for additional appearances before the Southern District of Ohio. (Doc. 2 at 4.) However, there is nothing in the record to indicate that these writs were ever issued, and thus will not be considered herein.

8

sentence. (Doc. 8 at 1.) In support, he cites the sentencing court's written judgment order, which states,

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of two hundred and ten (210) months on each of counts 1, 2, 4, 6 & 8 of the Indictment. Said terms to run concurrently with each other and concurrently with the State Court sentence in case number 99CR03-1532 in Common Pleas Court of Franklin County Ohio.

(Doc. 6-2 at 19.)

Section 5G1.3 allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." *Witte v. United States*, 515 U.S. 389, 404-05 (1995).

The sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. *Ruggiano*, 307 F.3d at 131-33. In *Ruggiano*, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence

9

pursuant to U.S.S.G. § 5G1.3(c). *Id.* To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." *Rios v. Wiley*, 201 F.3d 257, 264 (3d Cir. 2000).[2] When there is an ambiguity between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often [consists of] spontaneous remarks" that "are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all the surrounding law."[3] *Ruggiano*, 307 F.3d at 133 (quoting *Rios*, 201 F.3d at 268). It is therefore essential to consider the context in which the statement is made. *Ruggiano*, 307 F.3d at 134.

In the instant case, the documentary evidence cited by Cowan does not support his claim that the sentencing court intended to credit his federal sentence with that 16-month time period. Further, Cowan does not assert that the sentencing court made an oral pronouncement declaring that he be awarded that

---

[2] In *Rios*, the Third Circuit considered the application of § 5G1.3 prior to its amendment, effective November 1, 1996, in a situation in which a court sentenced a defendant already subject to an undischarged term of imprisonment for a separate offense. 201 F.3d at 260.

[3] The BOP's Program Statement regarding sentencing states, in pertinent part, "Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed." BOP Program Statement 5880.28, Sentence Computation Manual-CCCA, at 67 (Feb. 14, 1997), *available at* http://www.bop.gov/DataSource/executed/dsPolicyLoc.

16-month credit towards his federal sentence.  Cowan is simply interpreting the written judgment which ordered concurrent federal and state sentences as awarding him that 16-month credit.  However, there is nothing in the record that leads the court to a similar conclusion.  As such, Cowan's claim here fails.

### III.   Conclusion

Based on the foregoing, Cowan has been awarded all credit to which he is entitled.  The BOP did not err in its calculation of Cowan's federal sentence.  Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated:  July 17, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYLVESTER COWAN,** | : | |
| **Petitioner,** | : | **CIVIL NO. 1:CV-08-00441** |
| v. | : | (Judge Rambo) |
| **WARDEN D. EBBERT,** | : | |
| **Respondent.** | : | |

## **O R D E R**

AND NOW, this 17th day of July, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

            s/Sylvia H. Rambo
            SYLVIA H. RAMBO
            United States District Judge